Filed 7/9/14  P. v. Daniels CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

| California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115. |
| --- |

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
| --- | --- |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL DANIELS,<br><br>    Defendant and Appellant. | B254602<br><br>(Los Angeles County<br>Super. Ct. No. BA301458) |

APPEAL from an order of the Superior Court of Los Angeles County.  William C. Ryan, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

_____

In 2008, a jury convicted Michael Daniels of one count of driving under the influence and causing injury to another (Veh. Code, § 23153, subd. (a)), and one count of driving with a blood alcohol level of .08 percent or more and causing injury to another (Veh. Code, § 23153, subd. (b)).  As to each count, the jury also found Daniels personally inflicted great bodily injury within the meaning of Penal Code section 12022.7, subdivision (b).[1]  The trial court found Daniels suffered three prior strike convictions (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(c)), four prior serious felony convictions (§ 667, subd. (a)), and had served four prison terms (§ 667.5, subd. (b)).  He was sentenced to 45 years to life in state prison.[2]  In September 2013, Daniels filed a petition seeking resentencing under Proposition 36, the Three Strikes Reform Act of 2012 (§ 1170.126).  The trial court denied the petition.  We affirm.

## FACTS

We detailed the underlying facts in a nonpublished opinion deciding Daniels's direct appeal from the jury conviction (*People v. Daniels*, B208132, Aug. 31, 2009.)  Those facts are not at issue here.  In September 2013, Daniels sought resentencing under the Three Strikes Reform Act (the Act).[3]  The trial court denied the petition.  In a written ruling, the trial court explained that one of Daniels's current felony convictions was for driving under the influence and causing great bodily injury (Veh. Code, § 13152, subd. (a)), and the jury found true the allegation that during the commission of the crime, Daniels caused great bodily injury (§ 12022.7, subd. (b).), which made the underlying

---

[1]    All further statutory references are to the Penal Code unless otherwise noted.

[2]    These details were set forth in an unpublished opinion we issued in April 2013, affirming a trial court order denying Daniels's petition for writ of certiorari.  (*People v. Daniels,* B242614, April 30, 2013.)

[3]    Daniels filed a petition for writ of habeas corpus in pro per, but the trial court appointed counsel to represent him in connection with a petition for recall and resentencing.  The parties subsequently stipulated that the court could consider and rule on Daniels's pro per petition, notwithstanding the provisions of section 1170.126, subdivision (b).

2

felony conviction a serious felony within the meaning of section 1192.7, subdivision (c)(8). The court concluded Daniels was therefore ineligible for resentencing under section 1170.126, subdivision (e)(2).

## DISCUSSION

Appellant filed a timely notice of appeal.[4] We appointed appellate defense counsel. On May 29, 2014, appellant's appointed counsel filed an opening brief raising no issues pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). On the same day, we notified appellant by letter that he could submit within 30 days any ground of appeal, contention, or argument which he wished us to consider. Daniels filed a response. We briefly address his contentions.

Daniels asserts he was denied effective assistance of counsel due to the inadequate performance of his appointed counsel in the trial court and on appeal. Daniels contends: "Counsel in this specific instance did not provide a meritorious argument to conclude that defendant an appellant is eligible or suitable to be resentenced pursuant to Penal Code section 1170.126." Daniels then appears to argue the trial court had the discretion to strike the great bodily injury enhancement. We must reject these arguments.

Section 1170.126, subdivision (e) provides that an inmate is eligible for resentencing under the Act if "(1) The inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or

---

[4]    Appellate are split on whether the denial of a petition for resentencing under the Act may be challenged by direct appeal, or only by petition for writ of mandate. The issue is now pending before the California Supreme Court. (See *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017; *People v. Leggett* (2013) 219 Cal.App.4th 846, review granted Dec. 18, 2013, S214264; *People v. Wortham* (2013) 220 Cal.App.4th 1018, review granted Jan. 15, 2013, S214844; *In re Martinez* (2014) 223 Cal.App.4th 610, review granted May 14, 2014.) To the extent the ruling is not appealable, we exercise our discretion to treat Daniels's appeal as a petition for writ of mandate. (*People v. Dunckhurst* (2014) 226 Cal.App.4th 1034, ___, fn. 2.)

3

subdivision (c) of Section 1192.7." Daniels is serving an indeterminate term of life imprisonment for a conviction of a felony defined as serious or violent by sections 667.5, subdivision (c)(8) and 1192.7, subdivision (c)(8).[5] As such, under the terms of the statute, he was not eligible for resentencing under the Act. Moreover, there is no legal support for Daniels's assertion that the trial court had discretion under section 1385 to dismiss a great bodily injury enhancement after the imposition of sentence and rendition of judgment. (*People v. Kim* (2012) 212 Cal.App.4th 117, 122-123 [section 1385 does not authorize dismissal after the imposition of sentence and rendition of judgment].) The record neither supports a claim that the trial court erred in denying Daniels's petition for resentencing, nor supports a claim that Daniels's counsel was ineffective for failing to raise arguments in the trial court, or in filing a *Wende* brief.

To the extent Daniels challenges the evidence supporting the jury's true finding on the great bodily injury enhancement, any such argument should have been raised in the previous direct appeal. Issues regarding the evidence presented at trial, including the evidence supporting the bodily injury enhancement, any alleged prosecutorial failure to disclose exculpatory evidence, and issues regarding victim restitution, were not before the trial court in the proceedings below or factors in the order challenged in this appeal.

We have independently reviewed the record submitted on appeal, and are satisfied that Daniels's appointed counsel has fulfilled his duty, and that no arguable issues exist. (*Wende, supra,* 25 Cal.3d 436, *People v. Kelly* (2006) 40 Cal.4th 106.)

---

[5] Section 667.5, subdivision (c) provides: "For the purpose of this section, 'violent felony' shall mean any of the following . . . (8) Any felony in which the defendant inflicts great bodily injury on any person other than an accomplice which has been charged and proved as provided for in Section 12022.7 . . ." Section 1192.7, subdivision (c) states: "As used in this section, 'serious felony' means any of the following: . . . (8) any felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice . . . ."

## DISPOSITION

The judgment is affirmed.

BIGELOW, P. J.

We concur:

RUBIN, J.

GRIMES, J.